**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROLANDO AGUILAR-BARRERA, | No.    15-71941 |
| Petitioner, | Agency No. A073-428-670 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Rolando Aguilar-Barrera, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order denying his motion to reopen deportation proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not err or abuse its discretion in denying Aguilar-Barrera's motion to reopen as untimely, because he filed the motion seventeen years after his in absentia deportation order, and has not demonstrated that equitable tolling of the filing deadline is warranted. *See* 8 U.S.C. § 1252b(c)(3)(A) (1996); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (equitable tolling is available where a petitioner is unable to obtain vital information bearing on the existence of a claim because of circumstances beyond the petitioner's control).

The agency also did not err or abuse its discretion in denying Aguilar-Barrera's untimely motion to reopen to seek suspension of deportation for battered spouses, because Aguilar-Barrera failed to demonstrate extraordinary circumstances to waive the one-year filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(iv)(III).

We reject Aguilar-Barrera's contentions that the agency failed to sufficiently consider evidence and arguments presented in his motion, or insufficiently explained its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the

presumption that the BIA did review the record).

We lack jurisdiction to review the agency's discretionary decision not to reopen proceedings sua sponte, and Aguilar-Barrera fails to raise a claim of error underlying the sua sponte determination that would invoke our jurisdiction. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

The 60-day stay of proceedings granted on January 12, 2017, has expired. Respondent's motion to lift the stay (Docket Entry No. 24) is denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**